UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LINROY LINTON,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, DETECTIVE MATTHEW
G. WALKER Shield No. 1701, Individually and his Official
Capacity and POLICE OFFICERS JOHN DOE #s 1 - 3
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently unknown)
(collectively referred to as "NYPD defendants"),

                Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

11 CV 5950 (ENV)

**JURY TRIAL DEMANDED**

**ECF CASE**

## INTRODUCTORY STATEMENT

1. The Plaintiff, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the Defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE MATTHEW G. WALKER, and POLICE OFFICERS JOHN DOE #1-3, being employees of the New York City Police Department, respectively, violated Plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec 1342(3).

1

4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Sec 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on February 22, 2011, Plaintiff served a Notice of Claim in writing, on upon the Defendant, the City of New York, in accordance with Section 50(E) of the General Municipal Law.

6. This case has not been settled or adjusted since the filing of the Notice of Claim.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to Plaintiff's injuries and Plaintiff has complied with all the prerequisites for brining this action.

## PARTIES

8. Plaintiff LINROY LINTON (hereinafter "LINTON" or "Plaintiff"), is an African American male, a citizen of the United States, and at all relevant times resident of the County of Kings, and State of New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants Detective Matthew G. Walker (hereinafter "WALKER") and POLICE OFFICERS JOHN DOE #1-3, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about January 10, 2011, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and Defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. Plaintiff was not guilty of any criminal acts.

13. On or about January 10, 2011, Plaintiff learned that Officers of New York Police Department wanted him to come into the precinct for questioning.

14. In particular, the Plaintiff learned that Defendant WALKER wanted to speak with him regarding a shooting incident which occurred on January 1, 2011.

15. On or about January 10, 2011, Plaintiff retained an attorney and with his counsel appeared at the 67th Precinct, located at 2820 Snyder Avenue, Brooklyn NY 11226.

16. Defendants WALKER and POLICE OFFICERS JOHN DOE 1-3, arranged individuals to appear in a line-up.

17. The line-up consisted of male individuals who all appeared to range in age from forty (40) to fifty (50) years old, and none of whom had any similarities to the Plaintiff by way of facial features and characteristics.

18. Plaintiff, at the time of the line-up was twenty (20) years old.

19. When the Plaintiff arrived at the aforementioned precinct, he explained to Defendant WALKER that the victim was known to him through mutual acquaintances and from residing in the same neighborhood.

20. The Plaintiff further explained to Defendant WALKER that he was aware of the shooting and that he knew the identity of the shooter. Additionally, the Plaintiff explained to

Defendant WALKER that he believed that he was being grouped into the shooting by the victim because the victim knew that the Plaintiff associated with the actual perpetrator of said shooting.

21. Furthermore, on the day that the Plaintiff appeared at the 67th Precinct, he was also accompanied by another individual from his neighborhood named Melony Toon, who also advised Defendant WALKER that the individual who committed the shooting was known to the entire "neighborhood", and that said individual's name was Tyreif Gary aka "Sheisty".

22. Still, following the above-described discussion, Defendant WALKER placed the Plaintiff in the aforementioned line-up.

23. Furthermore, an independent eyewitness to the shooting was present during the line-up procedure and unequivocally stated he did not see the individual who shot the victim in the line-up.

24. As a result of the significant age gap between the Plaintiff and the other individuals in the line-up, the line-up was unduly suggestive, and as a result, Plaintiff was falsely identified by the victim.

25. Despite the Plaintiff's protestation of innocence, coupled with the independent eyewitness not identifying the Plaintiff as the shooter, as well as Ms. Toon providing Defendant WALKER with information regarding the true assailant's identity, the Plaintiff was subsequently arrested without probable cause and charged with attempted murder.

26. Upon his arrest, Plaintiff was held at the precinct for over twenty-four (24) hours before he was transported to central booking where he was photographed, fingerprinted and processed for arraignment.

27. Plaintiff was arraigned in Kings County Criminal Court on charges of Attempted Murder and bail was set in the amount of one hundred and fifty ($150,000) thousand dollars.

28. Plaintiff was then transported to Riker's Island where he was held until release on January 15, 2011.

29. The matter was never present the Grand Jury.

30. On January 14, 2011, upon the application of District Attorney of Kings County, the matter was dismissed for lack of evidence.

## AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

31. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. As a direct and proximate result of the Defendants' actions and/or inactions, Plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

33. As a result of the aforesaid violation of Plaintiff's rights, he sustained injuries and damages previously described in this complaint.

34. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount that exceeds that minimal jurisdiction of this Court from all Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

35. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. The Defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the Plaintiff.

37. As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

38. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount that exceeds that minimal jurisdiction of this Court from all Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

39. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. The Defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named Defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

41. As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

42. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount that exceeds that minimal jurisdiction of this Court from all Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

44. The actions of the Defendants in arresting the Plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

45. As a result of the aforesaid, Plaintiff sustained injuries and damages previously described in this complaint.

46. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount that exceeds that minimal jurisdiction of this Court from all Defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION – FALSE ARREST AND FALSE IMPRISONMENT

47. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

48. At no time did Plaintiff commit any act or offense for which an arrest may be lawfully made.

49. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

50. As a result of the aforesaid, Plaintiff sustained injuries and damages previously described in this complaint.

51. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount that exceeds that minimal jurisdiction of this Court from all Defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION – MALICIOUS PROSECUTION

52. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

53. In commencing and continuing the said malicious prosecution, Defendants caused the Plaintiff to be falsely charged with acts in violation of the Penal Law of the State of New York.

54. At no time did the Plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

55. The Plaintiff had not given Defendants probable cause to believe that he had committed the falsely charged acts for which he was arrested for.

56. The Defendants knew, or should have known through the exercise of reasonable care and proper police procedure, that the said investigation into this matter was flawed and incomplete.

57. The Defendants willfully, negligently and wrongfully accused the Plaintiff of having committed acts in violation of the Penal Law of the State of New York.

58. The Defendants willfully, negligently and wrongfully continued to prosecute Plaintiff for alleged violations even though Defendants knew or should have known of facts and circumstances that would have led a reasonable person to conclude that the criminal complaint, upon which said criminal prosecution was based, contained material falsehoods and was otherwise improper, and that the continued prosecution of the Plaintiff was therefore improper, under the circumstances.

59. As a result of the aforesaid malicious prosecution, the Plaintiff sustained injuries and damages previously described in this complaint.

54. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount

that exceeds the minimal jurisdictional amount of the lower courts from all Defendants.

WHEREFORE, Plaintiff demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all Defendants in each of the first through fifth causes of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
July 9, 2012

                                LAW OFFICE OF HERANDEZ M. RHAU, P.C.

                                */s/ Hernandez M. Rhau, Esq. (HR-1906)*
                                Hernandez M. Rhau, Esq.
                                12 Desbrosses Street, 2nd Floor
                                New York, New York 10013
                                1-800-362-9823

**TO DEFENDANTS:**
New York City Law Department
100 Church Street, 4th Floor
New York, New York 10007

Det. Matthew G. Walker
67th Precinct
2820 Snyder Avenue
Brooklyn NY 11226